The Honorable Tom Wynne, Prosecuting Attorney 13th Judicial District P.O. Box 748 Fordyce, Arkansas 71742
Dear Mr. Wynne:
You have requested approval, pursuant to the Interlocal Cooperation Act [A.C.A. § 25-20-101 et seq.], of a proposed interlocal agreement between Union County, Arkansas and Claiborne Parish, Louisiana.
You have submitted a copy of the proposed agreement, under the terms of which the parties agree generally concerning the maintenance of a road that runs between the county and the parish. According to the agreement, the Claiborne Parish Police Jury will maintain the road in odd-numbered years beginning in 1997; Union County will maintain the road in even-numbered years beginning in 1998; the parties will share any major expense that is necessary for the maintenance of the road; the agreement is to be made annually, and can be cancelled by either party upon thirty days' notice, or by mutual agreement.
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action must specify the following items:
(1) The duration of the agreement;
(2) The purposes of the agreement;
 (3) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (4) The methods of accomplishing termination of the agreement and for the disposal of property upon termination;
(5) Any other necessary and proper matters.
A.C.A. § 25-20-104(c).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d).
Because the agreement that you have submitted does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify all of the above-listed items.
It is my opinion that the proposed agreement between Claiborne Parish, Louisiana and Union County, Arkansas does not meet the requirements of the Interlocal Cooperation Act, and therefore cannot be approved in its current form.
It is deficient in the following respects:
 (1) It fails to make provision for the methods of the disposal of any property upon termination of the agreement, as required by A.C.A. § 25-20-104(c)(5). If there is no property to be disposed of, the agreement should note this fact.
 (2) It fails to make provision for an administrator or a joint board that will be responsible for administering the cooperative undertaking, as required by A.C.A. § 25-20-104(d)(1).
 (3) It fails to make provision for the manner of acquiring, holding, and disposing of real and personal property used in the cooperative undertaking, as required by A.C.A. § 25-20-104(d)(2). If no real or personal property is to be acquired, held, used, or disposed of during the course of the cooperative undertaking, the agreement should note this fact.
Therefore, pursuant to the provisions of A.C.A. § 25-20-104(f)(2), I must withhold approval of the proposed interlocal agreement between Claiborne Parish, Louisiana and Union County, Arkansas in its current form.
If you wish to submit an amended agreement including the required information, I will be happy to approve them in a most expeditious manner.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh